IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| OMAR GARCIA-VALENZUELA, Movant, | :: | MOTION TO VACATE 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. 1:10-CR-431-RWS-LTW |
| | :: | |
| UNITED STATES OF AMERICA, Respondent. | :: | CIVIL ACTION NO. 1:14-CV-697-RWS-LTW |

**FINAL REPORT AND RECOMMENDATION**

Movant is confined at the federal prison in Manchester, Kentucky. Movant, pro se, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. 44 in 1:10-cr-431-RWS-LTW.)

Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion."[1] Rule 4, § 2255 Proceedings. The undersigned has examined Movant's § 2255 motion and the record in this case and finds it plainly

---

[1] District courts may sua sponte dismiss § 2255 motions after affording the parties fair notice. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006). This Report and Recommendation provides such notice.

apparent that Movant is not entitled to relief because the motion is untimely.

On December 13, 2010, Movant pled guilty to possessing with intent to distribute at least 500 grams of methamphetamine. (Docs. 10, 24.) That crime carried a minimum sentence of ten years' imprisonment. 21 U.S.C. § 841(b)(1)(A)(viii).

Earlier in the case, Respondent filed an information pursuant to 21 U.S.C. § 851 contending that Movant was subject to a twenty-year minimum sentence because he was convicted in 1997 of the state crime of trafficking in methamphetamine, which is a felony under state law. (Doc. 23.) Section 841(b)(A)(viii) provides that any person who commits the crime Movant committed in this case "after a prior conviction for a felony drug offense has become final . . . shall be sentenced to a term of imprisonment which may not be less than 20 years." The Court informed Movant at the plea hearing of the twenty-year minimum sentence given his prior conviction for a felony drug offense and confirmed that he understood the twenty-year sentence was "binding" on the Court.[2] (Doc. 37 at 12-14.)

The Court sentenced Movant to twenty years' imprisonment. (Doc. 29.) Movant appealed. (Doc. 30.) On July 19, 2011, the court of appeals granted

---

[2] Movant did not challenge the fact or validity of his prior conviction. Indeed, he could not challenge its validity because it occurred "more than five years before the date of the information alleging such prior conviction." *See* 21 U.S.C. § 851(e).



AO 72A
(Rev.8/82)

Respondent's motion for summary affirmance and affirmed the judgment of conviction. (Doc. 42.)

On March 3, 2014, Movant filed his § 2255 motion. (Doc. 44-1 at 5 (Movant's certificate of service stating that he mailed the motion from prison on that date).)[3] Movant contends in his motion that the Court improperly sentenced him based on facts not found by a jury or admitted by him, thus violating *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 133 S. Ct. 2151 (2013). (Doc. 44-1 at 4.) Movant did not identify those facts. (*Id.*) As noted above, the only fact that increased Movant's sentence – that required the Court to impose at least a twenty-year term of imprisonment – was the fact of Movant's prior felony drug conviction.

Movant acknowledges that he filed his § 2255 motion more than one year after his judgment of conviction became final, but contends that the motion is timely under § 2255(f)(3) because he filed it within one year of the date *Alleyne* was decided. (*Id.* at 2-3.) As discussed below, § 2255(f)(3) does not apply.

A one-year statute of limitations applies to a § 2255 motion. 28 U.S.C. § 2255(f). The limitations period typically runs from the date on which the judgment

[3] A prisoner proceeding pro se is deemed to have filed a document in federal court on the date he gave it to prison officials for mailing. *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).

of conviction becomes final. *Id.* § 225(f)(1). However, if the movant asserts a right newly recognized by the U.S. Supreme Court and made retroactively applicable to cases on collateral review, the limitations period begins on the date of the Supreme Court decision. *Id.* § 2255(f)(3); *Dodd v. United States*, 365 F.3d 1273, 1281 (11th Cir. 2004). Movant contends that § 2255(f)(3) applies here because *Alleyne* is retroactively applicable. (Doc. 44-1 at 2-3.)

While the Supreme Court recognized a new right in *Alleyne* – the right to have a jury find facts that increase a mandatory minimum sentence – the right is not retroactively applicable to cases on collateral review. The U.S. Court of Appeals for the Eleventh Circuit recently found that *Alleyne* is not retroactively applicable on collateral review. *Chester v. Warden*, No. 12-15119, 2014 WL 104150, at *4 (11th Cir. Jan. 13, 2014) ("[B]ecause it is based on the *Apprendi* rule, *Alleyne*'s rule does not apply retroactively on collateral review."). And it appears that every other federal court of appeal to decide the issue agrees with that conclusion. *See In re Kemper*, No. 13-50695, 2013 WL 5969009 (5th Cir. Sept. 6, 2013); *In re Payne*, 733 F.3d 1027 (10th Cir. 2013); *United States v. Redd*, No. 13-2971, 2013 WL 5911428 (2d Cir. Nov. 5, 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). This Court has reached the same conclusion in cases where federal prisoners argued that



AO 72A
(Rev.8/82)

their § 2255 motions were timely under § 2255(f)(3) based on *Alleyne*. *Sims v. United States*, No. 1:04-CR-48-ODE, 2014 WL 229335, at *3, *5 (N.D. Ga. Jan. 21, 2014); *United States v. Marroquin-Alvarez*, No. 1:08-CR-363-TWT-8, 2013 WL 6190522 (N.D. Ga. Nov. 26, 2013); *Richards v. United States*, No. 1:07-CR-412-CAP-18, 2013 WL 5636678 (N.D. Ga. Oct. 15, 2013); *see Reed v. United States*, No. CV513-088, 2014 WL 346760, at *2 (S.D. Ga. Jan. 30, 2014) (denying § 2255 motion as untimely because *Alleyne* does not apply retroactively and § 2255(f)(3) thus did not apply).

Section § 2255(f)(1) thus applies in this case, i.e., the limitations period began when Movant's judgment of conviction became final. A judgment of conviction becomes final when all appeals have been decided or the time to seek further review has expired. *Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003).

Movant had ninety days from the date the court of appeals affirmed his judgment of conviction, or until October 17, 2011, to seek review in the Supreme Court. *See* Sup. Ct. R. 13(1), (3); (Doc. 42.) Because Movant did not seek such review, his judgment of conviction became final, and § 2255's one-year statute of limitations commenced, on October 17, 2011. The limitations period ended on

October 17, 2012.[4] Movant filed his § 2255 motion on March 3, 2014, more than a year after the statute of limitations expired. The motion is therefore untimely.

Even if Movant's § 2255 motion was timely, his substantive claim that the Court improperly found facts impacting his sentence would fail. Movant admitted the facts underlying the federal crime to which he pled guilty, which subjected him to a statutory minimum of ten years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(viii). The only fact that increased Movant's sentence by triggering a statutory minimum twenty-year prison term was the fact of Movant's prior felony drug conviction. The Court was authorized to find the fact of the prior conviction under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and the Supreme Court stated in *Alleyne* that it was not disturbing *Almendarez-Torres*' rule that the fact of a prior conviction need not be submitted to a jury or admitted by a defendant. *Alleyne*, 133 S. Ct. at 2160 n.1. As the U.S. Court of Appeals for the Eleventh Circuit recently held, "*Alleyne* did not address the specific question . . . whether a sentence can be increased because of prior convictions without a jury finding the fact of those convictions. That question

[4] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run," i.e., the same day of the same month in the following year. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (quotation marks omitted).

continues to be governed by *Almendarez–Torres* . . . , where the Court determined that the fact of a prior conviction is not an 'element' that must be found by a jury." *United States v. Harris*, 741 F.3d 1245, 1249 (11th Cir. 2014) (rejecting claim that *Alleyne* required that prior conviction triggering a higher mandatory minimum sentence could not be found by the sentencing judge). Movant's claim in his § 2255 motion would thus fail even if he had timely presented it.

For the foregoing reasons, the undersigned **RECOMMENDS** that Movant's motion to vacate his conviction under 28 U.S.C. § 2255 [44] be **DISMISSED** under Rule 4 as untimely and that corresponding case number 1:14-cv-697-RWS-LTW be **DISMISSED**. The undersigned further **RECOMMENDS** that Movant be **DENIED** a certificate of appealability because it is not reasonably debatable that his § 2255 motion is untimely. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 17 day of March, 2014.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE



AO 72A
(Rev.8/82)