IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| OMAR GARCIA-VALENZUELA, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:10-CR-431-RWS-LTW |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
|    Respondent. | :: | 1:14-CV-697-RWS-LTW |

**ORDER**

Movant is a federal prisoner who, pro se, seeks to vacate his sentence under 28 U.S.C. § 2255. (Doc. 44 in 1:10-cr-431-RWS-LTW.) In March 2011, the Court sentenced Movant to twenty years' imprisonment after Movant pled guilty to possessing with intent to distribute at least 500 grams of methamphetamine. (Docs. 24, 29.) That was the mandatory minimum sentence because Petitioner had a prior conviction under state law for drug trafficking.

Almost three years after the court of appeals affirmed this Court's judgment, Movant filed his § 2255 motion. (Docs. 42, 44.) Movant concedes that he did not file the motion within one year of the date his judgment became final, but contends that the motion is nevertheless timely pursuant to 28 U.S.C. § 2255(f)(3). That provision allows a federal prisoner to file a § 2255 motion within one year of "the date on which

the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Movant claims in his § 2255 motion that the Court improperly sentenced him based on facts not found by a jury or admitted by him, with the relevant fact apparently being his prior conviction that enhanced his sentence. (Doc. 44-1.) Movant contends that *Alleyne v. United States*, 133 S. Ct. 2151 (2013) newly recognized the right underlying his claim and that his § 2255 motion is timely because he filed it within one year of the date the Supreme Court decided *Alleyne*. (*Id.*)

Magistrate Judge Walker issued a Report and Recommendation that Movant's § 2255 motion and a certificate of appealability be denied. (Doc. 45 ("R&R").) Movant filed objections to the R&R. (Doc. 49.) The Court must conduct a "careful and complete" review of the R&R, *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982), "mak[ing] a de novo determination of those portions of the [R&R] to which objection is made," 28 U.S.C. § 636(b)(1)(C), and reviewing the remainder for clear error, *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

While Movant argues that *Alleyne* should apply retroactively to cases on collateral review, Judge Walker correctly found that both this court and the U.S. Court

2

of Appeals for the Eleventh Circuit have held that *Alleyne* does not apply retroactively. (R&R at 4-5.) The Court is not aware of any federal court that has held *Alleyne* retroactively applicable to cases on collateral review, and Movant has identified no such case.

Judge Walker also correctly found that Movant's claim would fail even if he had timely presented it. (*Id.* at 6-7.) The only fact that triggered the statutory minimum twenty-year sentence for Movant was his prior felony drug conviction. The Supreme Court reiterated in *Alleyne* that the Constitution does not require the fact of a prior conviction to be presented to a jury or found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2160 n.1 ("In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), we recognized a narrow exception . . . for the fact of a prior conviction. . . . [W]e do not revisit [that decision] . . . today."). Controlling law dictates that Movant's § 2255 motion is untimely and, even if it was not, that he is not entitled to relief. There is no need for the evidentiary hearing Movant seeks because the resolution of this case turns on the law, not on any facts.

Accordingly, the Court **OVERRULES** Movant's objections [49] and **ADOPTS** the R&R [45] as the opinion of the Court. Movant's § 2255 motion [44] and a

3

certificate of appealability are **DENIED**. Civil action number 1:14-cv-697-RWS-LTW is **DISMISSED**.

**SO ORDERED** this 8th day of April, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE