IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OMAR GARCIA-VALENZUELA,<br>  Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>  Respondent. | ::<br>::<br>::<br>::  CRIMINAL ACTION NO.<br>::  1:10-CR-431-RWS<br>::<br>:: |

## ORDER

On April 8, 2014, the Court dismissed as untimely Movant's motion challenging his judgment of conviction under 28 U.S.C. § 2255 and denied him a certificate of appealability ("COA"). (Doc. 50.) The Clerk entered judgment on the § 2255 motion the same day. (Doc. 51.)

On April 29, 2014, Movant filed a notice of appeal, (Doc. 53), a motion for extension of time to file an appeal, (Doc. 52), and a motion for leave to appeal *in forma pauperis* ("IFP"), (Doc. 54).[1] Movant states in his motion for an extension of

---

[1] Movant gave those documents to prison officials for mailing on April 29, (*see* Doc. 52 at 3), and the court received the documents on May 6. A prisoner proceeding pro se is deemed to have filed a document in federal court on the date he gave it to prison officials for mailing. *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Movant's post-judgment submissions are thus deemed filed on April 29, 2014.

time that he missed the deadline to file an appeal because of a lock-down at the prison. (Doc. 52.)

Movant did not miss the deadline to file a notice of appeal. Federal Rule of Appellate Procedure 4(a) governs the timing of appeals in civil cases, which includes § 2255 proceedings. *See* Rule 11(b), Rules Governing § 2255 Proceedings for the U.S. District Courts. Rule 4(a) requires a notice of appeal to be filed within "60 days after entry of the judgment or order appealed from if one of the parties is . . . the United States." Fed. R. App. P. 4(a)(1)(B). The United States is a party to this § 2255 proceeding. Movant's notice of appeal, which he filed less than sixty days after the Court entered judgment on his § 2255 motion, is thus timely. Movant's motion for an extension of time [52] is **DENIED AS MOOT**.

Because the Court denied Movant a COA, however, his appeal "may not be taken" unless the U.S. Court of Appeals for the Eleventh Circuit issues him a COA. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1) (providing that "the applicant cannot take an appeal" unless a COA is issued); Rule 11(a), § 2255 Rules ("If the [district] court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."). Movant may request that the Court of Appeals issue a COA. Absent such a request,

2

his notice of appeal constitutes a request to the court of appeals for a COA. Fed. R. App. 22(b)(2).

Because no COA has issued, Movant's motion to proceed IFP on appeal [54] is also **DENIED AS MOOT**. The Court **DIRECTS** Petitioner to pay the $505 filing fee for his appeal within **thirty (30) days** of service of this Order. Movant may file with the Court of Appeals a motion to appeal IFP within the same thirty-day period. *See* Fed. R. App. P. 24(a)(5).

**SO ORDERED** this 23rd day of May, 2014.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE